# Rivera v. The Philadelphia Theological Seminary of St. Charles Borromeo Inc.

*Jeffrey M. Stopford,* for plaintiff.
*Walter A. McClatchy,* for garnishee.

HILL, *J.,* August 30, 1990 — This garnishment action was commenced by plaintiff, Concepcion L. Rivera, who holds a judgment against Our Lady of Lourdes Catholic Church. The garnishee, First State Insurance Company, is the excess insurance carrier for the Archdiocese of Philadelphia, with respect to any judgment greater than $500,000. First State is a Delaware corporation with its principal office located in Boston, Massachusetts. It has no office within the Commonwealth of Pennsylvania.

On October 4, 1989, plaintiff served a writ of execution by adult resident of Massachusetts on an employee of the mail room of First State's office in Boston. On March 6, 1990, First State filed preliminary objections on the grounds that service was ineffective and venue improper.

## Service of Process

Plaintiff contends that service was proper because it was made in accordance with Pa.R.C.P. 3112(b)(2) which permits substituted service by competent adult on an out-of-state garnishee. In the alternative,

plaintiff urges the court to disregard any defect in service which does not affect the "substantial rights of the parties." Pa.R.C.P. 126.

Service in a garnishment proceeding is governed by rule 3111(a) which provides as follows:

"The writ shall be served *by the sheriff* upon the garnishee in the manner prescribed by rule 402(a) except as otherwise provided by rules 3112 and 3113. The sheriff shall furnish the garnishee with an additional copy of the writ for each defendant. If the garnishee served was not named in the writ he shall be added as a garnishee and return made accordingly." Pa.R.C.P. 3111(a). (emphasis supplied)

Rule 3112, the exception referred to in rule 3111, provides as follows:

"Rule 3112. *Service of the Writ upon Garnishee. Real Property of Defendant in Name of Third Party.*

"(a) The sheriff shall execute the writ against *real property* of the defendant, title to which is recorded in the name of a third party, by serving the third party as garnishee and noting upon the writ a description of the real property and a statement that he has levied upon defendant's interest therein.

"(b) The plaintiff shall have the right of service upon the garnishee

"(1) in any other county by having the sheriff of the county in which the writ is issued deputize the sheriff of the other county where service may be had, or

"(2) outside the state by having any competent adult serve the garnishee personally and file an affidavit thereof in the action.

"(C) If the garnishee cannot be served as provided in rules 3111(a) or 3112(b), he shall be served by (1) posting a copy of the writ on a public part of the property and (2) handing a copy of the writ to the person in actual possession of the property or, if no

one is in actual possession, by sending the garnishee a copy of the writ together with an inventory of the property attached, by registered mail directed to his last known address or, if no address is known and an affidavit to that effect is filed, by publication in such manner as the court by special order shall direct." Pa.R.C.P. 3112. (emphasis supplied)

At issue is the proper interpretation of rule 3112(b)(2) which permits substituted service[1] by competent adult outside the Commonwealth. Research indicates that this matter has not been decided by an appellate court of this state.

First State contends that rule 3112, and in particular rule 3112(b)(2), is limited to cases involving real property of defendant, title to which is recorded in the name of a third party, citing *Rivera v. Philadelphia Theological Seminary of St. Charles Borromeo*, 1 D.&C. 4th 106 (1988) (hereinafter *"Rivera I"*).

*Rivera I*, decided by the undersigned, involved plaintiff's attempt to collect from Our Lady of Lourdes' primary insurance carrier, Zurich Insurance Company. Zurich was based in Illinois with a local office in Pittsburgh, Pennsylvania. In *Rivera I*, service of the writ of execution was made by a competent adult on an employee in Zurich's office in Illinois.

This court sustained Zurich's preliminary objections on grounds that service was ineffective under rules 3111 and 3112. Specifically, this court found that the exception relied on by plaintiff, rule 3112(b)(2), was limited to cases involving real property.

---

1. Substituted service is service other than personal service within the jurisdiction; it includes service by publication, by mail to the last known address or by personal service outside the state. See Black's Law Dictionary 1282 (1979).

Instantly, plaintiff argues that this court's prior holding in *Rivera I* was "inventive." Plaintiff's memorandum contra preliminary objections of garnishee, First State Insurance Company, at 5.[2] Plaintiff urges this court to reconsider its prior holding and find that although rule 3112(a) is limited to real property, rule 3112(b) is not so limited and permits substituted service by a competent adult in any case involving an out-of-state garnishee.

Plaintiff supports her position with various rules of statutory construction, namely, that: (1) the absence of any reference to real property within the text of rule 3112(b) indicates the drafters' intent that the rule is not so limited; (2) the title of rule 3112, "Service of the Writ upon Garnishee. Real Property of Defendant in Name of Third Party," suggests two separate areas, the former referring to subsection (b) and the latter to subsection (a); and (3) the language of rule 3112(b) is unambiguous and nothing in its plain meaning limits its scope to real property.

After an extensive review of the applicable rules, this court declines to interpret rule 3112 as urged by plaintiff and finds that rule 3112(b)(2) permits substituted service by competent adult only in cases involving real property.

Rules 3111, 3112 and 3113 governing service in a garnishment proceeding must be read within the framework of the rules governing the "Enforcement of Money Judgments for the Payment of Money." Pa.R.C.P. 3101 et seq.

Rule 3108(a)(5) provides as follows:

"(a) Service of the writ shall be made by the sheriff in the case of. . .

"(5) real property of the defendant, title to which is recorded in the name of a third party, by levy and

---

2. Plaintiff, however, did not appeal from this court's decision in *Rivera I.*

attachment as provided by rule 3112;. . ." Pa.R.C.P. 3108(1)(5).

Rule 3108(a)(5) refers to "rule 3112" as a whole without limiting its reference to "rule 3112(a)." In this court's opinion, had it been the drafters' intent that only subsection (a) of rule 3112 apply to real property, the reference within rule 3108(a)(5) would have indicated as much. Plaintiff would have this court ignore the plain meaning of rule 3108(a)(5) which unequivocally provides that rule 3112 as a whole applies in the very limited circumstance where real property is held of record in the name of a third party.

Also, to interpret rule 3112(b) as permitting substituted service generally would make the rule internally inconsistent. Subsection (c) of rule 3112, which refers to service by "posting a copy of the writ on a public part of the property," can only be read as applying to cases involving real property, even though "real property" is not specifically mentioned. The fact that subsections (a) and (c) of rule 3112 apply to real property, compels a conclusion that subsection (b) is limited to real property as well.

In this court's opinion, the Supreme Court intended to create this limited exception permitting substituted service on an out-of-state garnishee only where the judgment creditor seeks to attach real property located within the Commonwealth. In such a case, the court's jurisdiction is derived from the location of the real property within the state. Thus, the due process rights of the out-of-state garnishee are not violated. See 9 Goodrich-Amran 2d §3112(b):1.

If rule 3112(b) is interpreted, as urged by plaintiff, to permit any competent adult to serve a writ of execution on a resident of State A as a garnishee, it

could force the garnishee to appear in Pennsylvania regardless, for example, of whether there was long-arm jurisdiction or not. It would afford less protection to an out-of-state resident as a garnishee than that same party would receive had that party been the defendant in the underlying case.[3] The interpretation of rule 3112(b) urged by plaintiff would have the far-reaching effect of permitting a judgment holder to attach out-of-state property and to force an out-of-state garnishee to answer to the garnishment proceedings in the Commonwealth regardless of whether the courts of this Commonwealth have any jurisdiction over the garnishee or the property involved.

Admittedly, the facts in the instant case are not as compelling since the courts of this Commonwealth have jurisdiction over an out-of-state insurance company by virtue of its doing business in the Commonwealth and the existence of minimum contacts within the state.

However, this court cannot interpret rule 3112(b) as permitting a judgment holder to command the presence of an out-of-state garnishee and to attach property located anywhere in the United States without regard for the jurisdiction of the court or the due process rights of the out-of-state resident. Accordingly, this court concludes that rule 3112 as a whole applies where real property is involved and, therefore, substituted service instantly was ineffective.

---

3.   A plaintiff seeking to enforce a judgment against an out-of-state defendant would be required to transfer the judgment to the defendant's state (hereinafter "sister state") and proceed under that state's foreign judgment enforcement statute. Under such statutes, before a foreign judgment is enforced in the sister state, the court of the sister state must determine whether the foreign judgment is entitled to be given full faith and credit. See e.g., 42 Pa.C.S. §4306.

Plaintiff argues that by limiting rule 3112 to real property the court severely hinders the ability of a judgment holder to attach defendant's property located within the Commonwealth but outside the county of judgment because the only rule permitting deputized service outside the county of judgment is rule 3112(b)(1). Plaintiff contends that in any case where real property is not involved, a judgment holder will be forced to *transfer* the judgment to the county where the property is located, but rule 3103(b) does not even require plaintiff to do that much. This rule provides as follows:

"A writ issued by the prothonotary of the county in which judgment was entered originally . . . may be directed to the sheriff of any county within the Commonwealth." Pa.R.C.P. 3103(b)

In other words, rule 3103(b) eliminates the need for deputized service or transfer of the judgment since it permits a writ of execution to be directed to the sheriff of any county within the Commonwealth for service without going through the transfer procedure.

Plaintiff further argues that limiting rule 3112(b) to real property has the effect of depriving plaintiff of any means to serve an out-of-state garnishee thereby creating "a massive exception to protect out-of-state garnishees, including out-of-state insurers, from all garnishment proceedings under all circumstances, except those limited to real property." Plaintiff's memorandum at 6. This, she argues, is contrary to the Supreme Court's intent to favor the public interest. See Pa.R.C.P. 128(e).

In limiting rule 3112(b) to real property, it is not this court's intent to permit an out-of-state garnishee to avoid its contractual obligations. Rather, in enforcing these contractual obligations, it is essential that a plaintiff comply with the proper procedures

given the uncertain interest which a garnishee may have in a particular underlying action and the lack of any notice or opportunity to be heard prior to attachment.

Moreover, plaintiff is not without a means to enforce her judgment since she can transfer the judgment to Massachusetts and pursue attachment there; that this may require the added assistance of Massachusetts counsel, notwithstanding.

Also, in her memorandum contra preliminary objections of garnishee, First State Insurance Company, plaintiff suggests that she could serve First State in Pennsylvania through the Insurance Commissioner or Secretary of State in Harrisburg. Apparently, plaintiff does not favor this option either, arguing that if she were to direct the writ for service in Harrisburg venue would lie in Dauphin County thereby inconveniencing plaintiff.

When a writ is directed from the county of judgment to the garnishee county for service under rule 3141(b), the garnishee has the option of venue in either the county where the writ was issued (i.e. the county of judgment) or in the county to which directed. Thus, if plaintiff directs the writ to the Sheriff of Dauphin County for service, she does risk First State's election of venue in Dauphin County. This court is not to be persuaded by inconvenience to plaintiff in light of the Supreme Court's obvious intent to give the garnishee the option of venue.

Plaintiff urges this court to overlook any errors in service and declare service of the writ of execution on October 4, 1989, effective. Plaintiff cites as authority rule 126 which provides:

"The rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable. The court at every stage of any such action or

proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties." Pa.R.C.P. 126.

Plaintiff claims that since she could have effectively served First State by serving the writ upon the Insurance Commissioner under the authority of 40 Pa.C.S. §1006.13, the substantial rights of the parties would not be affected by declaring service effective. In the court's opinion, this is total nonsense. Accordingly, garnishee's preliminary objections to service on October 4, 1989, are sustained.

### Venue

Garnishee claims that proper venue for garnishee to attach or defend the writ of execution is in Massachusetts. Since this court has found that plaintiff's method of service in Massachusetts was ineffective, the issue of venue is moot.

### ORDER

And now, August 30, 1990, upon consideration of First State Insurance Company's preliminary objections, it is hereby ordered that said preliminary objections are sustained.

